UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL J. WIK,

                              Plaintiff

                                                  DECISION AND ORDER

-vs-

                                                  11-CV-6220 CJS

ROBERT G. SWAPCEINSKI,

                              Defendant
_____

INTRODUCTION

      This is an action in which the *pro se* Plaintiff is suing Defendant, who is a Town Justice in the Town of Bergen, New York, because Defendant allegedly failed to provide Plaintiff with certain documents pertaining to a prosecution against Plaintiff. Now before the Court is Defendant's motion for summary judgment (Docket No. [#21]). The application is granted and this action is dismissed.

BACKGROUND

      The following facts are taken from the Complaint and from Defendant's summary judgment motion. Defendant is one of two town justices in the Town of Bergen. The other town justice is the Hon. Ronald Kunego ("Kunego"), against whom Plaintiff has filed a separate lawsuit in this Court. *See, Wik v. Kunego*, 11-CV-6205 (CJS). Plaintiff alleges that neither Defendant nor Kunego are "judicial officers." Plaintiff contends that Kunego is not a judicial officer because he does not have "certificates from the Genesee County Clerk" attesting to that fact, because the Town of Bergen has "never authorized the use of a blanket bond," and because Kunego has "refused to present his

pocket commission."[1] *Wik v. Kunego*, 11-CV-6205 [#1] at ¶ ¶ 40-46.  As for Defendant, Plaintiff alleges that Defendant is "a person . . . without bond" who is "not titled to possess the office or perform the duties of the office," and who "has refused to present his pocket commission. Complaint [#1] at ¶ ¶ 18, 46.

In or about July 2010, Plaintiff was prosecuted in Bergen Town Court in a case assigned to Kunego.  The prosecution involved a number of traffic violations and a misdemeanor charge of Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree ("AUO2nd").  Plaintiff pleaded guilty to AUO2nd.  Nevertheless, Plaintiff has various complaints about the manner in which Kunego handled his case. *See, Wik v. Kunego*, 11-CV-6205 CJS.  For example, Plaintiff maintains that Kunego violated his rights by referring to him, in a document, as "DANIEL J WIK" rather than "Daniel J. Wik."  On this point, Plaintiff states:

> 'Daniel J. Wik' is both Plaintiff's name and Plainitiff's complete address. Plaintiff's name was given to Plaintiff by Plaintiff's Father in a solemn religious ceremony and when Plaintiff came of competent age Plaintiff convenanted with God to keep Plaintiff's name sacred and free from perversions.  Thus violating Plaintiff's name violates Plaintiff's rights to religious freedom.  Plaintiff's name is an English language proper noun. Therefore, according to the rules of the English language, said name must at all times be spelled with capital and lower case letters.  . . .  According to English language rules Proper nouns not properly capitalized are misspelled; and, Implications at law indicate spellings in the nature of all capital letters can only indicate dead persons or some fictitious business name or corporate capacity; and, Plaintiff is neither dead nor in corporate capacity.

*Wik v. Kunego*, 11-CV-6205 CJS, Complaint [#1] at ¶ ¶ 10-12.  The foregoing excerpt

---

[1] A "pocket commission" is an identification credential carried by agents employed by the Internal Revenue Service. *See, Jewett v. U.S.*, No. 3:04CV7640, 2005 WL 1120316 at *2 (N.D. Ohio Feb. 18, 2005).

is fairly representative of the nature and quality of the grievances that Plaintiff has directed at Kunego.

In connection with the aforementioned prosecution in Bergen Town Court, over which Kunego was presiding, "Plaintiff made a request to Swapceinski pursuant to New York Judiciary Law § 255 and Uniform Justice Court Act § 2019-a for certified copies of the summons issued by the court, proof of service that was filed with the court, and a copy of the alleged suspension." Complaint [#1] ¶ 24. Defendant reportedly told Plaintiff that he did not have to comply with Plaintiff's request "since the records did not exist," and that he did not want to be involved "with the issues between Plaintiff and Kunego." *Id*. at ¶ 27. Plaintiff maintains that Defendant violated his rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, but does not explain how. At most, Plaintiff alleges that Defendant violated New York Judiciary Law § 255 and the Uniform Justice Court Act § 2019-a by failing to provide him with documents, which resulted in Plaintiff being denied due process. *Id*. at ¶ ¶ 31-34. The Court observes that New York Judiciary Law § 255 pertains to the duties of a "clerk of a court," while New York's UCJA § 2019-a states, in pertinent part, that the records and docket of the court must be open for inspection by the public.

On November 22, 2011, Defendant filed the subject motion for summary judgment.[2] Defendant contends that this action is barred by the doctrine of absolute judicial immunity. In response, Plaintiff indicates that he needs discovery to respond to

---

[2]Defendant provided the *pro se* Plaintiff with the *Irby* notice required by the Local Rules of Civil Procedure. *See*, Docket No. [#22].

3

the motion.  Specifically, Plaintiff indicates only that he wants discovery to determine whether Defendant is in fact a Town Justice, but offers no basis for him to question whether Defendant is a validly elected Town Justice. *See*, Affirmation in Support of Motion for Subpoenas [#26]  at ¶ 15, 18.  Otherwise, Plaintiff's papers filed in opposition to Defendant's motion for summary judgment do not dispute the general factual allegations contained in Defendant's motion,[3] which the Court therefore accepts as being true. *See*, Local Rule of Civil Procedure 56(a)(2).

## DISCUSSION

The standard for granting summary judgment is well established.  Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

---

[3] *See*, Affirmation of Robert H. Flynn, Esq. [#21] at pp. 3-9.

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Generally, summary judgment should not be granted against a party who has not been able to conduct discovery:

> [S]ummary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.' " *Berger v. United States*, 87 F.3d 60, 65 (2d Cir.1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (alteration in original and emphasis added). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (quoting *Anderson*, 477 U.S. at 250 n. 5, 106 S.Ct. 2505). Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery. *See Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995).

*Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis in original). However, to avoid summary judgment, the nonmoving party must submit an affidavit or declaration explaining what discovery he needs, and how such discovery will

create a triable issue of fact. *See*, FRCP 56(d) (Requiring the nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion); *see also, Young v. Benjamin Dev. Inc.*, No. 09-1320-cv, 395 Fed.Appx. 721, 722-723, 2010 WL 3860498 (2d Cir. Oct. 5, 2010) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. Nonetheless, we conclude that the district court committed no error in this case because Young failed to file an affidavit setting forth the essential facts he sought to discover.") (citation omitted); *Crandall v. David*, No. 10-0985-cv, 2012 WL 255329 at *1 (2d Cir. Jan. 30, 2012) ("We review a district court's denial of a motion for further discovery under Fed.R.Civ.P. 56(d) for an 'abuse of discretion' and will not reverse where a plaintiff has failed to show how the facts sought are reasonably expected to create a genuine issue of material fact.") (citations and internal quotation marks omitted).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> ***
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged

constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).[4]

It is well settled that judges generally have absolute immunity from being sued for actions arising out of their judicial activities:

> [J]udges generally have absolute immunity from suits for money damages for their judicial actions. Such judicial immunity is conferred in order to insure that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Thus, even allegations of bad faith or malice cannot overcome judicial immunity. In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.
>
> Judges are not, however, absolutely immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. In determining whether an act by a judge is 'judicial,' thereby warranting absolute immunity, we are to take a functional approach, for such immunity is justified and defined by the functions it protects and serves,

---

[4] Following the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009), there is some disagreement among district courts in this Circuit as to whether all of the foregoing "*Colon* factors" still apply. *See, e.g., Dilworth v. Goldberg*, 2011 WL 3501869 at * 17 (2d Cir. Jul. 28, 2011) ("*Iqbal* has caused some courts to question whether all five of the personal involvement categories survive that decision.") (collecting cases). It is unclear whether *Iqbal* overrules or limits *Colon*, therefore, in the absence of contrary direction from the Second Circuit, the Court will continue to apply those factors. *See, Platt v, Incorporated Village of Southampton*, 391 Fed.Appx. 62, citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, which sets forth all five of the *Colon* bases for imposing supervisory liability.

> not by the person to whom it attaches. The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.
>
> In employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature.

*Bliven v. Hunt*, 579 F.3d 204, 209 -210 (2d Cir. 2009) (citations and internal quotation marks omitted).

In this case, it is clear that Plaintiff's complaints against Defendant arise from actions that Defendant took in his judicial capacity. Although Plaintiff maintains that he needs discovery, he has not made a proper or sufficient request for such discovery under FRCP 56(d). Moreover, any information concerning the validity of Defendant's status as a judge would be a matter of public record, for which Plaintiff does not need discovery. Accordingly, Defendant is entitled to summary judgment on the basis of absolute judicial immunity.

## CONCLUSION

Defendant's motion for summary judgment [#21] is granted, and this action is dismissed with prejudice.

So Ordered.

Dated: Rochester, New York
March 1, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge